**DORNON, Plaintiff-Appellee, v. COLUMBUS (City), Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 5553. Decided April 11, 1957.

Coughlin, Ogier & Lloyd, Robert A. Ramsey, Michael A. Coughlin, of Counsel, Columbus, for plaintiff-appellee.

Russell Leach, City Attorney, John W. E. Bowen, Asst. City Atty., Columbus, for defendant-appellant.

**OPINION**

By THE COURT.

This is a law appeal from a judgment of the Common Pleas Court rendered upon the verdict of a jury in favor of the plaintiff-appellee. Two errors are assigned:

(1) The court erred in its charge to the jury.

(2) The court erred in overruling the defendant's motion for a new trial.

As the latter is grounded upon the first assignment, the only question for this court is whether or not the court erred in its charge to the jury.

The error complained of relates solely to the 4th specification of negligence set forth in the amended petition. It is urged that the court did not fully and completely state the law relating to the assured clear distance ahead statute, §4511.21 R. C.; that at the conclusion of the charge counsel for the defendant requested the court to charge further upon the exception to the assured clear distance rule as related to unavoidable accidents. We have carefully examined the general charge and find that the court correctly, but not fully, stated the law applicable under such circumstances. This omission, it appears, was covered in special charge No. 5 given before argument, to wit:

"No. 5. If you find that the cause of the accident was failure of

**314**

the brakes on the fire vehicle in question without fault of the city, then your verdict must be for the defendant, City of Columbus."

It will also be noted that at page 18 of the general charge the court said:

"However, it is essential to the existence of negligence in a motor vehicle case, that there be fault on the part of the one sought to be held liable; no liability exists for an unavoidable accident. Unavoidable accident occurs only when the disaster happens from natural causes, without negligence or fault of either side, something not of the making of the parties concerned, and over which neither of them had any control.

"Unavoidable accident is such an occurrence or happening as under the attendant circumstances and conditions could not have been foreseen or anticipated in the exercise of ordinary care as the proximate cause of injury by any of the parties concerned."

We find no prejudicial error in the charge as given or in the refusal to give further instructions, as those given appear to have been adequate. The judgment will be affirmed.

PETREE, PJ, BRYANT and MILLER, JJ, concur.